## AMHERST AND BELCHERTOWN RAILROAD COMPANY *vs.* OLIVER WATSON.

A declaration, in an action of contract brought by a railroad corporation, which sets forth the defendant's written subscription for a certain number of shares in their stock, and the sale of such shares, for nonpayment of assessments, for less than enough to pay the same, and that the defendant owes them the amount of the deficiency, although it does not state that the defendant became a stockholder, is a declaration upon Rev. Sts. *c.* 39, § 53, and not upon the contract of subscription, and need not aver performance of the conditions precedent of the contract.

Under *St.* 1852, *c.* 312, § 23, an appeal lies from the decision of a judge of the court of common pleas upon a demurrer taken for the cause that the declaration does not state a legal cause of action, substantially in accordance with the rules contained in that statute, and particularly assigning, for cause of demurrer, that performance of the conditions precedent of the contract declared upon is not alleged.

ACTION OF CONTRACT. The declaration alleged that after the plaintiffs' directors, pursuant to their act of incorporation, (*St.* 1851, *c.* 277,) had determined the amount of their capital stock, and had appropriated and set apart one moiety thereof for the construction of the section of their road between Palmer and the village of Amherst, they then opened books of subscription for said capital stock, in shares of one hundred dollars each; " that the defendant became a subscriber for ten shares of said stock, and promised in writing to take and pay for the same, to the treasurer of said railroad company, in such instalments, and at such times, as were required by the act of incorporation aforesaid, and as should be assessed by said directors." The declaration then set forth the making by the directors of ten assessments, at various times specified, amounting in all to one hundred dollars a share, due notice thereof to the defendant, his neglect for more than thirty days to pay any but the first assessment, and the sale of his shares by public auction by the treasurer, under the order of the directors, and after due notice, for less than enough to pay the unpaid assessments; and alleged that the defendant owed the plaintiffs the amount of . the deficiency.

The defendant demurred to the declaration, because it did not state a legal cause of action, substantially in accordance with

the rules contained in *St.* 1852, *c.* 312; and particularly assigned, for cause of demurrer, that the declaration did not aver that or wherein the plaintiffs had complied with the terms and conditions of the alleged promise of the defendant.

The court of common pleas sustained the demurrer, and the plaintiffs appealed.

*C. P. Huntington*, for the defendant. 1. This declaration is not, like that in *Troy & Greenfield Railroad* v. *Newton*, 1 Gray, 544, brought upon the Rev. Sts. *c.* 39, § 53, to recover of a stockholder the amount of the deficiency in the amount received from the sale of his shares; it does not even allege that the defendant became a stockholder; but it is brought upon his contract of subscription, and is therefore defective, in not stating the performance of the precedent conditions disclosed in the contract. *St.* 1852, *c.* 312, § 2, *cl.* 10.

2. This demurrer is not general, but points out the particular defects in the manner of stating the plaintiffs' case. The decision of the single judge of the court of common pleas was therefore final. *St.* 1852, *c.* 312, §§ 21, 23.

*E. Dickinson*, for the plaintiffs.

THOMAS, J. The demurrer must be overruled. The action is not brought upon the contract of subscription. It is based upon the provisions of the Rev. Sts. *c.* 39, § 53. A sale of the defendant's shares having been made, for failure to pay the assessments laid upon them, this action seeks to recover the difference between the amount of the assessments and the sum for which the stock was sold. The case is within the rule settled in *Troy & Greenfield Railroad* v. *Newton*, 1 Gray, 544.

It is said, however, that this demurrer having been sustained in the court of common pleas, no appeal lies from that judgment. The demurrer is not to form, but to substance, to the cause of action. It is, in effect, that the facts stated do not in point of law support the action. It is therefore within the provisions of the *St.* of 1852, *c.* 312, § 23, and may be heard on appeal.                                      *Demurrer overruled.*